## Case No. 13,669.

### SWAN v HUGHES.

[1 Wash. C. C. 216.] [1]

Circuit Court, D. Pennsylvania.   April Term, 1805.

PUBLIC LANDS—CERTIFICATE OF COMMISSIONERS—SETTLEMENT ON LANDS.

The certificate of the commissioners of Virginia, appointed under the law of that state,

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

to adjust the claims for settlement and pre-emption rights to lands, which were afterwards found to be within the limits of Pennsylvania; being ex parte, is not evidence of a settlement on the lands in dispute. The holder of the certificate must prove, by other testimony, his settlement to be prior to that, under which the defendant claims.

This cause turned almost entirely on the evidence; and therefore it is only necessary to state here, such of the circumstances as may be required to explain the only law point which occurred in it. The plaintiff, in 1781, obtained from the commissioners in Virginia, who were appointed, under a law of that state, to adjust the claims for settlement and pre-emption rights, a certificate for four hundred acres of land, on the waters of Ten Mile creek, in Monongahela county, to include his settlement made in 1770. A survey was made, by a Virginia surveyor, after the compact which took place between Virginia and Pennsylvania; and therefore was not relied on as an official survey. In 1777, plaintiff purchased from one Gregg, an adjoining tract, claimed by him in right of settlement. But the same land was also claimed by Millar, in right of a prior settlement, which it was admitted he had made. Swan's certificate right was founded on a purchase of Woodfield, who, it appeared by the evidence in the cause, first settled it in 1774. It was clearly established and admitted, that Millar made his settlement in 1773. In 1778, Millar sued Swan, who claimed under Gregg, and laid the demise as of four hundred acres. He recovered a general verdict. Swan then sued Gregg, in an action of covenant on his deed of warranty, conveying him this four hundred acres, more or less, and laid his breach as general as the deed. He recovered a compensation in damages.

In this case the plaintiff contended, that the certificate was evidence that Swan's settlement was made in 1770, and consequently his right was prior to Millar, (under whom the defendant claims.) Secondly—If not so, that yet Millar had agreed to fix a dividing line between him and Swan, so as to leave to Swan the land now in dispute; and that he was bound by this location. Witnesses were produced, on the part of the plaintiff, to prove this location; and on that of the defendant, to show that Millar had claimed a boundary, so as to include it, and had pointed out (pending his suit with Swan,) to the surveyor, that line as his boundary.

With respect to the evidence attempted to be drawn from the certificate, to establish Swan's prior settlement; THE COURT stated to the jury, that Millar claimed the land in question adversely to the plaintiff, in 1778, as proved by some of the witnesses; and that this must have been known to Swan. That his certificate being obtained ex parte, without notice to Millar, he cannot rely upon it as evidence, on a question whether he or Millar was the first settler, to prove that he was. If Millar had been before the commissioners,

it would have been otherwise. But to bind him, by a judgment stating that Swan's settlement was in 1770, without his having had an opportunity to controvert the fact, was repugnant to every principle of justice and law. The question here is, who had the first settlement? Millar proves his in 1773, and Swan endeavours to prove his to have been in 1770, and relies upon an ex parte judgment to establish the fact. This is improper. Swan's certificate only states, that he had made a settlement in 1770, on Ten Mile creek; but on what part, is not stated. It might be so remote from the land in question, that he could never reach it; consequently it is incumbent on him, to show to the jury, where it was; and therefore he must prove his settlement, and locate it. Whether he has done so; or whether the agreement of Millar to fix the dividing line as contended for by plaintiff; or whether the recovery of Millar was for the whole land, to include the part in dispute; are facts left to the jury. If no such line was established, or if the land now in dispute was recovered by Millar against Swan, for which Swan was compensated by Gregg, then the verdict should be for defendant; if otherwise, for plaintiff.

Verdict for defendant.